UNITED STATES DISTRICT COURT
FOR THE FIRST CIRCUIT
EASTERN MASSACHUSETTS DIVISION

| | |
|---|---|
| MAHINDOKHT SAMANDAR, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> MICHAEL R. POMPEO, ) <br> SECRETARY OF STATE OF ) <br> THE UNITED STATES OF AMERICA ) <br> ) <br> ) <br> Defendant ) <br> ) <br> ) | Civil Action No._____ |

## COMPLAINT FOR A WRIT OF MANDAMUS

To the Honorable Judge of Said Court:

**INTRODUCTION:**

This action is brought by the Plaintiff, Mahindokht Samandar to compel the Defendant to reverse its denial decision and favorably adjudicate her petition for an immigrant visa for her son, Morteza Beheshti (hereinafter referred to as the "Beneficiary"). Her son's immigrant visa application was unlawfully denied by the U.S. Embassy in Abu Dhabi (UAE). The Plaintiff had started the visa process in 2006, and have since been waiting for the adjudication of her son's

1

immigrant visa. The Defendant has no legal basis for its decision.

PARTIES:

1. The Plaintiff, MAHINDOKHT SAMANDAR, is a United States citizen. She resides with her family in Ashland, Massachusetts.

2. The Defendant, MICHAEL RICHARD POMPEO, is the Secretary of State for the United States of America, the head of the U.S. State Department, a department within the U. S. the Executive branch, which is charged by law with the obligation of processing and adjudicating immigrant visas for the qualified applicants.

JURISDICTION:

3. This is a civil action brought pursuant to 28 USC §§ 1331 and 1361 to redress the deprivation of rights, privileges and immunities secured to the Plaintiff, by which jurisdiction is conferred, to compel Defendant and those working under him to perform duties they owe to the Plaintiff.

4. Jurisdiction is also conferred by 5 USC § 704. Plaintiff is aggrieved by adverse or failure of agency action in this case, as the Administrative Procedures Act requires in order to confer jurisdiction on the District Courts. 5 USC § 702 *et seq.*

5. The aid of the Court is invoked under 28 USC §§ 2201 and 2202, authorizing a

declaratory judgment.

6. Costs and attorneys' fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq.*

**VENUE:**

7. Venue is proper in Boston, Massachusetts, since Defendant's department has an office there.

**REMEDY SOUGHT:**

8. Plaintiff seeks to have the Court compel the Defendant to correctly adjudicate her son's immigrant visa, which he fully qualifies for.

9. Plaintiff also seeks Statutory penalties, as well as actual, incidental, and consequential damages.

**CAUSE OF ACTION:**

10. On May 19, 2006, Plaintiff filed the Form I-130, Petition for Alien Relative, in order to bring her son, the Beneficiary, to the United States. At the time, the Beneficiary was 36 years old.

11. In 1976, the Beneficiary had come to U.S. as a student where he studied for two years and left U.S. in 1978.

12. Beneficiary had also traveled to U.S. for visit as recently as in 1995.

3

13. On August 2, 2007, the Plaintiff's Petition was approved as a "Married Son of a U.S. Citizen" pursuant to Immigration and Naturalization Act ("INA") 201(a)(3) by U.S. Citizenship and Immigration Services ("USCIS"). A copy of the approval is hereby enclosed and marked as **Exhibit A.**

14. The Beneficiary has been residing in Dubai, UAE since 2003, where he owns an auto parts company.

15. The Beneficiary is married and has two children.

16. On June 20, 2019, Plaintiff received a letter from the Defendant's National Visa Center ("NVC"), apprising her and the Beneficiary that

> The National Visa Center (NVC) completed its processing of your immigrant visa application and forwarded it to the U.S. Embassy/Consulate General, where an immigrant visa interview has been scheduled. Appointment information is located at the bottom of this email.

*See* copy of the letter, enclosed and marked as **Exhibit B.**

17. On July 14, 2019, Beneficiary and his family (his wife and two young children) attended an interview at the Defendant's U.S. embassy at Abu Dhabi, UAE.

18. At the interview, the Foreign Service Officer ("FSO") thoroughly questioned and vetted the Beneficiary and his family to her satisfaction.

19. At the time, he was also asked whether he had done military service when he was in Iran. He replied "yes" and then explained that in Iran military service for men

at age 18 or after college was mandatory and compulsory.

20. The Beneficiary was then asked when and where he did his compulsory military service. He replied that he did his military service when he was 18 years old in 1987 where he was involuntarily placed at the Iran's Revolutionary Guards (hereinafter referred to as "IRGC").

21. The Foreign Service Officer informed the Beneficiary that he would receive a notification on his visa soon.

22. On Nov. 27, 2019, the U.S. embassy in Abu Dhabi informed the Beneficiary that his F31 visa for which he and his mother had been waiting for 12 was denied.

23. The Beneficiary's visa application was denied at the Abu Dhabi because he was told that he was ineligible under a section of the Immigration and Nationality Act: Section 212(a)(3)(B). A copy of this letter is hereby enclosed and marked as **Exhibit C.**

24. However, this Section of the law does not apply to the Beneficiary. The law is quite clear and it reads that a person is inadmissible [who] has received military-type training (as defined in section 2339D(c)(1) of title 18) from or on behalf of any organization that, *<u>at the time the training was received, was a terrorist organization</u>* (as defined in clause (vi)). (INA 212(a)(3)(B)(i)(VIII). Emphasis added. A copy of the Statute is enclosed and marked as **Exhibit D.**

25. Mr. Beheshti (the Beneficiary) had stated that when he was 18 years old (1987), he did his military service (involuntarily) with the IRGC, which at the time was not designated as a terrorist organization. The United States designated IRCG as a terrorist organization on 4/15/2019, some 24 years after he had finished his compulsory military service. U.S. Dept. of Homeland Security issued a Bulletin stating as follows:

> The United States designated Iran's Islamic Revolutionary Guard Corps (IRGC) a Foreign Terrorist Organization on April 15, 2019 for its direct involvement in terrorist plotting.

A copy of the U.S. Dept. of Homeland Security's Bulletin is enclosed and marked as **Exhibit E**.[1] It is noteworthy that it was the Defendant himself who authored this designation on Apr. 15, 2019. See Notice in Federal Register, a copy of which is enclosed and marked as **Exhibit F**.

26. Therefore, the Plaintiff's son is not inadmissible.

27. Moreover, he does not even reside in Iran and he has been in business in UAE since 2003.

28. The embassy incorrectly denied his application since undoubtedly he not a threat nor is there any indication that he has any potential to be a threat.

29. Besides, he has been traveling to U.S. periodically since 1976, and never had any

---

[1] https://www.dhs.gov/ntas/advisory/national-terrorism-advisory-system-bulletin-january-4-2020#:~:text=The%20United%20States%20designated%20Iran's,direct%20involvement%20in%20terrorist%20plotting.

6

issues.

30. On Sept. 14, 2020, Plaintiff's attorney sent the U.S. Consulate in Abu Dhabi an email, requesting an explanation of their denial, and arguing that the Beneficiary qualifies under the law. A copy of this letter is hereby enclosed and marked as **Exhibit G.**
31. The U.S. Consulate responded with an email, which reiterating the same reasoning as it had before. A copy of this Email is hereby enclosed and marked as **Exhibit H.**
32. Counsel for Plaintiff has exhausted his client's administrative remedies, and he has not received a legally satisfactory response from the Defendant.
33. There is no legal reason for disqualifying the Plaintiff's son from obtaining an immigrant visa.
34. The Plaintiff asserts that the Defendant has no legal basis for denying the Beneficiary's application for doing a compulsory military service when he was young.
35. The Plaintiff has no administrative remedies. There are no administrative remedies provided in this matter.
36. Mandamus is appropriate because there is no other remedy at law. The Plaintiff seeks to compel the Defendant to review his decision and reach a correct conclusion under the law.

**PRAYER:**

Wherefore, the Plaintiff prays that the Honorable Court compel the Defendant and the Department of State in general to review its decision denying the Beneficiary's application for an Immigrant Visa. The Petitioner or her son have done nothing wrong to be denied an immigrant visa for her son. Under the law, her son is not inadmissible by any stretch of imagination. The Defendant had a duty to timely and favorably adjudicate the underlying matter, and the Court shall order the Defendant to promptly process the Beneficiary's case, and grant Statutory penalties, as well as actual, incidental, and consequential damages, and grant attorneys' fees and costs of court. The Plaintiff further prays that if the Court's decision is adverse to her, that the decision include legal justification.

Dated: Nov. 20, 2020

Respectfully submitted,
Attorney for the Plaintiff

Benjamin B. Tariri, Esq.
Tariri Law Offices, P.C.
BBO # 652042
15 Court Square
Boston, MA 02108
Tel: (617) 574-9080
Fax: (617) 574-9070
Email: Legal@youandlaw.com