UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-12068-GAO

MAHINDOKHT SAMANDAR,
Plaintiff,

v.

ANTONY J. BLINKEN,[1] in his official capacity as Secretary of State,
Defendant.

OPINION AND ORDER
April 22, 2022

O'TOOLE, D.J.

The plaintiff, Mahindokht Samandar, filed this action seeking a declaratory judgment and writ of mandamus to compel the Secretary of State to review a consular officer's decision to deny her petition for an immigrant visa for her son, Morteza Beheshti, and to favorably adjudicate her petition. She contends that jurisdiction is appropriate under 28 U.S.C. §§ 1331 and 1361, as well as the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. The defendant has moved to dismiss the complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and the doctrine of consular nonreviewability. The plaintiff opposes the defendant's motion.

In 2006, the plaintiff filed a Petition for Alien Relative (Form I-130) on behalf of her son, Morteza Beheshti, who resides in the United Arab Emirates. After conducting an interview with Beheshti in 2019, the U.S. consular officers in the UAE determined that he was ineligible for a visa under section 212(a)(3)(B) of the Immigration and Nationality Act ("INA"). That provision denies visa eligibility to petitioners who have engaged in terrorist activities. 8 U.S.C.

---

[1] At the time the complaint was filed, Michael Pompeo was the Secretary of State. As Antony Blinken is now the Secretary of State, he has been substituted pursuant to Fed. R. Civ. P. 25(d).

§ 1182(a)(3)(B). According to the complaint, the basis for the denial of the visa application was Beheshti's military service with Iran's Revolutionary Guards, which the United States has designated as a terrorist organization.

Generally, under the doctrine of consular nonreviewability, courts may not review a consular officer's decision to deny a visa application. Chiang v. Skeirik, 582 F.3d 238, 242 (1st Cir. 2009); Am. Socio. Ass'n v. Chertoff, 588 F. Supp. 2d 166, 169 (D. Mass. 2008). However, a limited exception has been carved out to permit judicial review when a visa denial infringes the constitutional rights of a citizen of the United States. Kleindienst v. Mandel, 408 U.S. 753, 770 (1972). Judicial review under this narrow exception is limited to a determination as to whether the visa denial was based on a "facially legitimate and bona fide reason." Id.

It is clear in this case that the consular officer provided a "facially legitimate and bona fide reason" for the visa denial. Id.; see Kerry v. Din, 576 U.S. 86, 106 (2015) (Kennedy, J., concurring) (concluding that notice of visa ineligibility under the INA for "terrorist activities" was sufficient to meet the Mandel standard as a "facially legitimate and bona fide reason"); ZigZag, LLC v. Kerry, No. 14-14118-DJC, 2015 WL 1061503, at *4 (D. Mass. Mar. 10, 2015) ("[A]llegations of procedural irregularities and errors of law are not sufficient to circumvent the doctrine of consular non-reviewability . . . ."). This Court does not have jurisdiction to "go behind the facial reason" to assess the accuracy of the consular officer's determination. Chiang, 582 F.3d at 243.

Similarly, jurisdiction under either the APA or the Mandamus and Venue Act ("MVA"), 28 U.S.C. § 1361, are not appropriate here. First, the doctrine of consular nonreviewability precludes review under the APA. Liberty Church of the Assemblies of God v. Pompeo, 470 F. Supp. 3d 74, 77 n.3 (D. Mass. 2020), appeal dismissed sub nom. Liberty Church of Assemblies of God v. Blinken, No. 20-1707, 2021 WL 5355640 (1st Cir. Nov. 10, 2021) ("[T]he Court agrees

2

with the D.C. Circuit that consular nonreviewability stands as an exception to judicial review under 5 U.S.C. § 702."); see Saavedra Bruno v. Albright, 197 F.3d 1153, 1160 (D.C. Cir. 1999); Chertoff, 588 F. Supp. 2d at 174. Further, mandamus relief is not available for a visa denial because such action does not fall within a "nondiscretionary, ministerial, and plainly prescribed duty" of a consular officer. Liberty Church, 470 F. Supp. 3d at 77 n.3; see Pishdadiyan v. Clinton, No. 11-10723-JLT, 2012 WL 601907, at *8–9 (D. Mass. Feb. 7, 2012).

For the reasons stated herein, the defendant's Motion to Dismiss the Complaint (dkt. no. 9) is GRANTED. This action is DISMISSED with prejudice.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge